UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAIS BHUIYAN, | § | |
|  Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:11-CV-00603 |
| | § | |
| RICK PERRY, Governor, State | § | |
| of Texas; BRAD LIVINGSTON, | § | |
| Executive Director, Texas Department | § | |
| of Criminal Justice; ANGIE McCOWN, | § | |
| Director, TDCJ Victim Services Division; | § | |
| RISSIE OWENS, Member Texas Board | § | |
| of Pardons and Paroles, | § | |
|  Defendants. | § | |

DEFENDANTS' FIRST AMENDED ANSWER WITH
AFFIRMATIVE DEFENSES, MOTION TO DISMISS[1]
AND RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR
INJUNCTIVE RELIEF

NOW COME Defendants Brad Livingston, Angie McCown, and Rissie Owens, by and through their attorneys, the Office of Attorney General of Texas, and state as follows that:

## I. ANSWER

1. Defendants admit the allegations contained ¶1 of Plaintiff's complaint.

2. Defendants deny the allegations contained ¶2(a)-(d) of Plaintiff's complaint.

3. Defendants admit the allegations contained ¶ 3 of Plaintiff's complaint.

4. Defendants deny the jurisdictional allegations contained ¶ 4 of Plaintiff's complaint.

---

[1] This is filed subject to the demonstration of personal jurisdiction as to Perry. The following answer, affirmative defenses and motion to dismiss are made as amicus curiae subject to verification of personal service for Governor Perry.

5.     Defendants admit the venue allegations contained ¶ 5 of Plaintiff's complaint.

6.     Defendants deny the jury trial allegations contained ¶ 6 of Plaintiff's complaint, where the complaint seeks only injunctive relief. *Curtis v. Loether*, 415 U.S. 189, 193 (1974)

7.     The material in ¶ 7 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

8.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 8 of Plaintiff's complaint.

9.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 9 of Plaintiff's complaint.

10.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 10 of Plaintiff's complaint.

11.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 11 of Plaintiff's complaint.

12.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 12 of Plaintiff's complaint.

13.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 13 of Plaintiff's complaint.

14.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 14 of Plaintiff's complaint.

15.     Defendants deny the allegations contained in ¶ 15 of Plaintiff's complaint.

16.     Defendants deny the allegations contained in ¶ 16 of Plaintiff's complaint.

17.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 17 of Plaintiff's complaint.

18.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 18 of Plaintiff's complaint.

19.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 19 of Plaintiff's complaint.

20.     Defendants admit that Plaintiff was shot in the face by Mark Stroman in September 2001, but otherwise lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 20 of Plaintiff's complaint.

21.     Defendants deny the allegations contained in ¶ 21 of Plaintiff's complaint.

22.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 22 of Plaintiff's complaint.

23.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 23 of Plaintiff's complaint.

24.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 24 of Plaintiff's complaint.

25.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 25 of Plaintiff's complaint.

26.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 26 of Plaintiff's complaint.

27.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 27 of Plaintiff's complaint.

28.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 28 of Plaintiff's complaint.

29.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 29 of Plaintiff's complaint.

30.     Defendants deny the allegations contained in ¶ 30 of Plaintiff's complaint.

31.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 31 of Plaintiff's complaint.

32.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 32 of Plaintiff's complaint.

33.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 33 of Plaintiff's complaint.

34.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 34 of Plaintiff's complaint.

35.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 35 of Plaintiff's complaint.

36.     Defendants admit the allegations contained ¶ 36 of Plaintiff's complaint.

37.     Defendants admit the allegations contained ¶ 37 of Plaintiff's complaint.

38.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 38 of Plaintiff's complaint.

39.     Defendants deny the allegations contained in ¶ 39 of Plaintiff's complaint.

40.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 40 of Plaintiff's complaint.

41.     Defendants deny the allegations contained in ¶ 41 of Plaintiff's complaint.

42.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 42 of Plaintiff's complaint, as well as footnote 1 to ¶ 42 of Plaintiff's complaint.

43.     Defendants deny the allegations contained in ¶ 43 of Plaintiff's complaint.

44.     Defendants admit that Plaintiff seeks injunctive relief, but deny Plaintiff's right to such injunctive relief under Texas law as described in ¶ 44 of Plaintiff's complaint.

45.     Defendants admit that a warrant for execution has been issued requiring Mark Stroman to be executed on July 20, 2011, but deny that Plaintiff will be damaged by Stroman's execution as described in ¶ 45 of Plaintiff's complaint.

46.     Defendants deny the allegations contained in ¶ 46 of Plaintiff's complaint.

47.     The material in ¶ 47 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

48.     The material in ¶ 48 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

49.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 49 of Plaintiff's complaint.

50.     Defendants admit that Plaintiff has correctly reproduced subsection (a) of Art. 56.02, but deny that the quoted subsection represents the entirety of Art. 56.02 as reflected in ¶ 50 of Plaintiff's complaint.

51.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 51 of Plaintiff's complaint.

52.   Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 52 of Plaintiff's complaint.

53.   Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 53 of Plaintiff's complaint.

54.   Defendants deny the legal conclusion contained in ¶ 54 of Plaintiff's complaint.

55.   Defendants admit that remedies exist for violations of law, but deny such violations exist as described in ¶ 55 of Plaintiff's complaint.

56.   Defendants deny the legal conclusion contained in ¶ 56 of Plaintiff's complaint.

57.   Defendants deny the legal conclusion contained in ¶ 57 of Plaintiff's complaint.

58.   The material in ¶ 58 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

59.   The material in ¶ 59 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

60.   The material in ¶ 60 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

61.   The material in ¶ 61 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

62.   Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 62 of Plaintiff's complaint.

63.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 63 of Plaintiff's complaint.

64.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 64 of Plaintiff's complaint.

65.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 65 of Plaintiff's complaint.

66.     The material in ¶ 66 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

67.     Defendants deny the legal conclusion contained in ¶ 67 of Plaintiff's complaint.

68.     Defendants deny the legal conclusion contained in ¶ 68 of Plaintiff's complaint.

69.     The material in ¶ 69 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

70.     The material in ¶ 69 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

71.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 71 of Plaintiff's complaint.

72.     Defendants admit that Plaintiff enjoys right to religious freedom under the federal Constitution and laws as alleged in ¶ 72 of Plaintiff's complaint.

73.     The material in ¶ 73 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

74.     The material in ¶ 74 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

75.     Defendants deny the allegations contained in ¶ 75 of Plaintiff's complaint.

76.     The material in ¶ 76 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

77.     The material in ¶ 77 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

78.     The material in ¶ 78 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

79.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 79 of Plaintiff's complaint.

80.     The material in ¶ 80 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

81.     The material in ¶ 81 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

82.     The material in ¶ 82 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

83.     Defendants deny the legal conclusion contained in ¶ 83 of Plaintiff's complaint.

84.     The material in ¶ 84 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

85.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in ¶ 85 of Plaintiff's complaint.

86.    The material in ¶ 86 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

87.    The material in ¶ 86 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

88.    Defendants deny the legal conclusion contained in ¶ 88 of Plaintiff's complaint.

89.    The material in ¶ 89 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

90.    Defendants deny the legal conclusion contained in ¶ 90 of Plaintiff's complaint.

91.    The material in ¶ 91 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

92.    Defendants deny the legal conclusion contained in ¶ 92 of Plaintiff's complaint.

93.    The material in ¶ 93 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

94.    The material in ¶ 94 of Plaintiff's complaint contains no factual allegations for which an answer may be asserted.

95.    Defendants deny the legal conclusion contained in ¶ 95 of Plaintiff's complaint.

## II.  AFFIRMATIVE DEFENSES

1.    Defendants assert that Plaintiff's suit is barred by the doctrine of laches.

2.    Defendants assert that Plaintiff's suit is barred by the statute of limitations.

3.      Defendants assert that Plaintiff's suit is barred by the doctrines of *res judicata*, collateral estoppel or issue preclusion.

4.      Defendants assert that Plaintiff's suit may be barred by Eleventh Amendment, official, governmental, qualified or good-faith immunities.

5.      Defendants assert that Plaintiff does not have standing to sue in state or federal court.

6.      Defendants are entitled to Eleventh Amendment and sovereign immunity to Plaintiff's claim for damages.

7.      Plaintiff has sued the wrong parties insofar as he claims his ability to communicate with Stroman was impeded by Defendants.   Further, Defendants Livingston, McCown, and Owens do not have the authority to carry out a stay in the execution of Stroman.

### III.  MOTION TO DISMISS COMPLAINT AND DENY PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF

**A.      Plaintiff's federal claims.**

**1.      Plaintiff, a third-party, lacks standing to challenge a criminal sentence in federal court.**

The standing doctrine protects final judgments from third-party collateral attacks. For example, even victims lack standing to challenge a criminal sentence. *McClure v. Ashcroft*, 335 F.3d 404, 412 (5th Cir. 2003), *citing  United States v. Mindel*, 80 F.3d 394 (9th Cir. 1996) (beneficiary of criminal restitution order has no standing to challenge modification of sentence to rescind restitution order); *United States v. Johnson*, 983 F.2d 216 (11th Cir. 1993) (beneficiary of criminal restitution order has no standing to challenge revocation of probation when restitution not paid); *United States v. Kelley*, 997 F.2d 806,

807-08 (10th Cir. 1993) (victim has no standing to appeal denial of motion to intervene in criminal proceeding); *United States v. Grundhoefer*, 916 F.2d 788, 791 (2nd Cir. 1990) ("[t]he direct, distinct, and palpable injury in a criminal proceeding plainly falls only on the defendant who is being sentenced"). *See also Gilmore v. Utah*, 429 U.S. 1012, 1013-17, 97 S.Ct. 436 (1976) (majority held defendant knowingly and intelligently waived all federal rights to challenge conviction and did not address standing; Burger, C.J. and Powell, J., concurring, opined that defendant's mother lacked standing to seek a stay of execution for her son).

### 2. The U.S. District Court has no subject-matter jurisdiction in this case.

The effect of Plaintiff's request for injunctive relief would be to stay the July 20, 2011, execution of Mark Stroman, who was tried, convicted and sentenced to death in the 292nd District Court of Dallas County for the murder of Vasudev Patel during the course of a convenience-store robbery in Mesquite, Texas, on Oct. 4, 2001.

Plaintiff's civil action seeks an order from this court enjoining Defendants from execution of judgment in Stroman's criminal prosecution so that he may pursue his purported right to victim-offender mediation with Stroman pursuant to TEX. CONST. Art. 1, § 30 and TEX. CODE CRIM. P. Arts. 56.02 and 56.13. However, only the Texas Criminal Court of Appeals has the authority to stay this execution under *State ex rel. Holmes v. Honorable Court of Appeals for Third Dist.*, 885 S.W.2d 389, 395-396 (Tex. Crim. App. 1994) and it has already passed on that opportunity when the same claims were presented to it by Stroman. *Ex parte Mark Anthony Stroman*, No. WR-62,298-02, *per curiam* (no citation in Westlaw at this time); Exhibit A. Additionally, the Fifth Circuit also declined to grant Stroman permission to file a successive habeas petition on

Friday, which also raised the same claims. *In re: Mark Anthony Stroman*, Case No. 11-10659 (5th Cir., July 15, 2011) (no citation in Westlaw at this time); Exhibit B.

The entry of an order – even a temporary restraining order to preserve the status quo – which results in the stay of an execution of a death row inmate is indisputably a criminal law matter. The Texas Constitution specifically confers exclusive appellate jurisdiction of all cases in which the death penalty has been assessed in the Court of Criminal Appeals.[2] A sentence of death may only be based upon a conviction for capital murder. TEX. PENAL CODE ANN. § 19.03. Further, the Legislature has provided specific procedures relating to a capital trial and the execution of the death sentence. *See*, *e.g.*,

---

[2] Art. V, § 5 provides in part:

The Court of Criminal Appeals shall have final appellate jurisdiction coextensive with the limits of the state, and its determinations shall be final, in all criminal cases of whatever grade....The appeal of all cases in which the death penalty has been assessed shall be to the Court of Criminal Appeals.

* * *

Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The Court and the Judges thereof shall have the power to issue such other writs as may be necessary to protect its jurisdiction or enforce its judgments.

Further, TEX. CODE CRIM. PROC. ANN. Art. 4.04, the legislative enactment of Art. V, § 5, provides:

Sec. 1. The Court of Criminal Appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of writs of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The court and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of such other writs as may be necessary to protect its jurisdiction or enforce its judgments.

Sec. 2. The Court of Criminal Appeals shall have, and is hereby given, final appellate and review jurisdiction in criminal cases coextensive with the limits of the state, and its determinations shall be final. The appeal of all cases in which the death penalty has been assessed shall be to the Court of Criminal Appeals. In addition, the Court of Criminal Appeals may, on its own motion, with or without a petition for discretionary review being filed by one of the parties, review any decision of a court of appeals in a criminal case. Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion.

TEX. CODE CRIM. PROC. ANN. Arts. 34.01, 35.13, 35.15, 37.071, 42.04, 43.14, 43.15, 43.16, 43.17, 43.18, 43.19, 43.20, 43.21, 43.22, 43.24 and 43.25.[3]

Because the Plaintiff's request for injunctive relief "arises over the enforcement of statutes governed by the Texas Code of Criminal Procedure," and "arise[s] as a result of or incident to a criminal prosecution," jurisdiction of this suit is properly in the Court of Criminal Appeals and not a district court which has never had jurisdiction of the criminal case.

The Fifth Circuit has repeatedly and consistently held that federal courts lack jurisdiction under § 1983 to stay executions. *Beets v Texas Board of Pardons & Paroles*, 205 F.3d 192, 193 (5th Cir. 2000); *Faulder v. Johnson*, 178 F.3d 741 (5th Cir. 1999); *Moody v. Rodriguez*, 164F.3d 893 (5th Cir. 1999). Indeed, the Anti-Injunction Act – 28 U.S.C. § 2283 – specifically bars federal courts from enjoining state-court proceedings whatsoever unless the intervention is authorized expressly by federal statute. *McFarland*

---

[3] It is worth noting in this context that TEX. CODE CRIM. PROC. art. 43.141(d) controls the withdrawal and modification of execution orders and provides that:

> (d)   The convicting court may modify or withdraw the order of the court setting a date for execution in a death penalty case if the court determines that additional proceedings are necessary on:
>
> (1)   a subsequent or untimely application for a writ of habeas corpus filed under Article 11.071; or
>
> (2)   a motion for forensic testing of DNA evidence submitted under Chapter 64.

This language suggests that not even the convicting court can withdraw or modify an execution order it previously entered unless the Court of Criminal Appeals authorizes a subsequent writ under art. 11.071, section 5 or a motion for DNA testing is filed. This is because the convicting court cannot make the determination that additional proceedings are necessary under 11.071, section 5. The convicting court's only apparent authority is to forward a subsequent writ to the Court of Criminal Appeals for that determination. The Court of Criminal Appeals would then rule on whether the exceptions for filing a subsequent writ have been met. It stands to reason, therefore, that if the convicting court cannot modify or withdraw an order setting a date for execution, a court which never had jurisdiction of the original criminal proceeding cannot do so, either.

*v. Scott*, 512 U.S. 849, 857(1994).  The only statutory authority for a federal court to stay an execution comes from the federal *habeas corpus* statute which "grants any federal judge 'before whom a habeas corpus proceeding is pending' power to stay a state-court action 'for any matter involved in the *habeas* corpus proceeding.'"  *Id*. (quoting 28 U.S.C. § 2251); see also *Rosales v. Quarterman*, 565 F.3d 308, 311 (5th Cir. 2009).  If, as here, no habeas petition is pending in the federal courts then "both the district court and [the circuit] court are without jurisdiction to enter a stay of execution." *Rosales*,565 F.3d at 311.

Moreover, even if the court had authority to stay Stroman's execution, Bhuiyan is not entitled to equitable relief because his request is dilatory. He received information from Texas Department of Criminal Justice in July 2002 which included a pamphlet explaining his rights as a victim.  Exhibit C.  Because Bhuiyan waited until Stroman's execution was imminent before seeking relief, Fifth Circuit precedent compels that his suit be dismissed and equitable relief be denied. *See Harris v. Johnson*, 376 F.3d 414, 417 (5th Cir. 2004) (noting that where prisoner waited years on death row but sought relief 10 weeks before execution, prisoner's real goal was not to change method of execution but to delay execution).  Where a litigant waits until an execution is imminent before seeking a remedy, relief is precluded.  *See Gomez v. U.S. Dist. Ct. for the N.D. Calif.*, 503 U.S. 653, 654 (1992) (precluding equitable relief for inmate who waited until his execution was imminent before suing to enjoin the State's method of carrying it out); *Harris*, 376 F.3d at 417. In deciding whether to grant equitable relief, a court may consider the last minute nature of an application. *Gomez*, 503 U.S. at 654. To hold otherwise would allow litigants to delay an execution indefinitely by filing a succession

of requests for injunctive relief mere days before an execution.  Before enjoining an execution, a federal court must "give substantial weight to any adverse impact" such an injunction would have on the "operation of a criminal justice system."  18 U.S.C. § 3626(a)(1) (*quoted in Nelson v. Campbell*, 541 U.S. 637, 649 (2004)).  This Court must consider the effect on not only the State's interest in this particular case, but also on the criminal justice system as a whole.  To entertain Bhuiyan's complaint would reward late filers and create a perpetual motion machine of last-minute attempts to stay executions.

In *State ex rel. Wilson v. Briggs*, 171 Tex. Crim. 479, 351 S.W.2d 892 (1961), Cullen Briggs, judge of the 117th District Court in Nueces County, stayed the execution of Howard Stickney, an inmate who was convicted in *Harris County* of capital murder and sentenced to death. Briggs held a hearing on Stickney's application for writ of habeas corpus and stayed the execution. The Court of Criminal Appeals set aside the stay and denied the application. *Id*., 351 S.W.2d at 893. The trial judge again set Stickney's execution. The execution was stayed by yet another district judge. *Id*. The trial judge scheduled a third execution. Eight minutes before the execution, however, Briggs stayed the execution and scheduled a hearing in Nueces County. The state sought a writ of prohibition directing "Judge Briggs to take no further action or hold any further hearings on this application for habeas corpus." *Id*., 351 S.W.2d at 893-894. The Court of Criminal Appeals held:

> Judge Briggs has no greater authority or responsibility in death penalty cases tried in counties not in his judicial district than any of the other more than 150 district judges of this state. If it be the law in Texas that every district judge must be satisfied before a death sentence may be carried out, and any district judge may prevent the execution of such a sentence upon grounds which this Court has rejected, then this Court is not a court of last resort in criminal matters in this state.

- 15 -

*Briggs*, 351 S.W.2d at 896.

This rationale was adopted by the Court of Criminal Appeals in *State ex rel. Holmes*. *Holmes,* 885 S.W.2d at 395-396. In *Holmes*, Gray Graham, convicted of capital murder in the 182nd District Court of Harris County and sentenced to death, sought and obtained a temporary injunction in the 299th District Court of Travis County requiring the Board of Pardons and Paroles to conduct a hearing on Graham's request for clemency or to reschedule his execution until such a hearing could be held. The Board appealed to the Third Court of Appeals, which issued an injunction to preserve its jurisdiction. The Board and Harris County District Attorney John Holmes each filed motions for leave to file applications for writs of mandamus in the Court of Criminal Appeals to vacate the Third Court of Appeals' injunction.

The Court of Criminal Appeals found that the Travis County District Court's temporary injunction was in excess of its jurisdiction and void under *Briggs*. *Holmes*, 885 S.W.2d at 396. The *Holmes* court further held that the Court of Appeals' order interfered with the Court of Criminal Appeals' exclusive jurisdiction. "Any order by another state court which purports to stay a scheduled execution circumvents our decision and disobeys our mandate. Notwithstanding that respondent held the injunction was necessary to protect its jurisdiction over the appeal of the Graham's civil case, respondent may not interfere with our exclusive jurisdiction or disobey our mandate. We hold that respondent had no jurisdiction to enjoin the scheduled execution." *Holmes*, 885 S.W.2d 389, 395-396.

This court lacks jurisdiction to enter an order which stays this execution – even if is couched as an order to "preserve the status quo."

**B.      Plaintiff's state claims.**

**1.      Plaintiff has no standing to sue under TEX. CODE CRIM. P. Art. 56.02.**

Plaintiff brings this civil action pursuant to TEX. CODE CRIM. P. Art. 56.02(a)(12)and TEX. CODE CRIM. P. Art. 56.02(a)(13), which provide in relevant part:

**Art. 56.02. Crime victims' rights**

(a)      A victim, guardian of a victim, or close relative of a deceased victim is entitled to the following rights within the criminal justice system:

                                        * * *

(12)      the right to request victim-offender mediation coordinated by the victim services division of the Texas Department of Criminal Justice.

**Art. 56.13. Victim-Offender Mediation**

The victim services division of the Texas Department of Criminal Justice shall:

(1)      train volunteers to act as mediators between victims, guardians of victims, and close relatives of deceased victims and offenders whose criminal conduct caused bodily injury or death to victims; and

(2)      provide mediation services through referral of a trained volunteer, if requested by a victim, guardian of a victim, or close relative of a deceased victim.

Even through Art. 56.13 suggests that TDCJ "shall . . . provide mediation services" as described in Art. 56.02, it is undeniable that a crime victim such as Plaintiff has a right to *request* victim-offender mediation; he does not have a right to *have* victim-offender mediation. In any case, the "right" is essentially symbolic where Art. 56.02(d) effectively eliminates any recourse in the event the "right" is denied.

**Art. 56.02. Crime victims' rights**

(d)     A judge, attorney for the state, peace officer, or law enforcement
        agency is not liable for a failure or inability to provide a right
        enumerated in this article. The failure or inability of any person to
        provide a right or service enumerated in this article may not be
        used by a defendant in a criminal case as a ground for appeal, a
        ground to set aside the conviction or sentence, or a ground in a
        habeas corpus petition. A victim, guardian of a victim, or close
        relative of a deceased victim does not have standing to participate
        as a party in a criminal proceeding or to contest the disposition of
        any charge.

The Fourteenth Court of Appeals considered the scope of the foregoing provisions
in *In re Sistrunk*, 142 S.W.3d 497, 503-503 (Tex. App.–Houston [14th] 2004, no pet.).
"The statute clearly provides [the victim's family members] may not be parties to a
criminal proceeding and they may not challenge the disposition of the defendant's case.
TEX. CODE CRIM. PROC. ANN. Art. 56.02(d) (Vernon Supp.2004). In addition, if non-
compliance with victim impact statement provisions does not provide a ground for a
defendant to set aside his sentence, such non-compliance surely provides no ground for
the victims to challenge the sentence." *See* TEX. CODE CRIM. PROC. ANN. Art. 26.13(f)
(Vernon Supp. 2004). *Id*.

The Court of Appeals further wrote that, "The [family members] recognize that
the law does not provide a remedy for victims when their rights are violated. They
concede in their response to this petition that '[The trial court's order] to set a hearing on
July 2, 2004, was not sanctioned within the Rules of Appellate Procedure and the Code of
Criminal Procedure; however, the family feels that a hearing, whether ordered by this
Court or the trial court, would be an appropriate measure.' Neither this court nor the trial
court have the power to order such a hearing." *Id*. at 503.

- 18 -

If adopted, the remedy sought by Plaintiff would turn the criminal justice system on its head. As the El Paso Court of Appeals noted, "We concur with the State's suggestion of the symbolic and substantive importance of the Crime Victims' Bill of Rights. We agree that its philosophical direction is essential to restoring and maintaining the public's faith in the criminal justice system. The introductory phrase of Article 56.02(a), however, states that the enumerated victims' rights are to be effectuated '*within* the criminal justice system,' not by superseding or overriding it." *Jimenez v. State*, 787 S.W.2d 516, 523 (Tex.App.–El Paso 1990) (emphasis in original).

In sum, Plaintiff has no right and no remedy under Art. 56.02 to obtain a stay. He therefore has no standing to bring this suit. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 710-11 (Tex. 2001). Because standing is a component of subject-matter jurisdiction, a plaintiff's lack of standing deprives this court of jurisdiction over the claims asserted in plaintiff's petition. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The Court should dismiss Plaintiff's case for lack of subject-matter jurisdiction.

## CONCLUSION

As applied to Plaintiff's suit in any Texas court, any order issued by this district court – necessarily "incident to a criminal prosecution" – would be in excess of its jurisdiction and void *ab initio*.

WHEREFORE, Defendants urge the Court to deny Plaintiff any and all relief, dismiss his complaint and to grant such other and further legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**BILL COBB**
Deputy Attorney General for Civil Litigation

**DAVID C. MATTAX**
Director of Defense Litigation

**DAVID A. TALBOT, JR.**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Allan K. Cook
**ALLAN K. COOK**
Assistant Attorney General
Attorney-in-Charge
Texas Bar No. 24004374
Office of the Attorney General
allan.cook@oag.state.tx.us

/s/ Cynthia Burton
**CYNTHIA BURTON**
Assistant Attorney General
Texas Bar No. 24035455
cynthia.burton@oag.state.tx.us

P.O. Box 12548
Austin TX  78711-2548
(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

**NOTICE OF ELECTRONIC FILING**

I, **ALLAN K. COOK**, Assistant General of Texas, do hereby certify that I have electronically submitted a true and correct copy of the foregoing for filing in accordance with the Electronic Case Files System of the Western District of Texas, on July 18, 2011.

/s/ Allan K. Cook
**ALLAN K. COOK**
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, **ALLAN K. COOK**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing was faxed to (713) 886-3811 and e-mailed to Khurrum@wvmlawfirm.com ib July 19, 2011 and will be sent by regular mail, postage pre-paid on July 19, 2011:

Khurrum Wahid
Wahid Vizcaino LLP
6221 W. Atlantic Blvd.
Margate FL  33063

Danalynn Recer
The Gulf Region Advocacy Center
2307 Union St.
Houston TX 77007-6129

Maurie Levin
The University of Texas School of Law
727 E. Dean Keeton Street
Austin, TX 78705

/s/ Allan K. Cook
**ALLAN K. COOK**
Assistant Attorney General