UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAIS BHUIYAN,,<br>Plaintiff,<br><br>v.<br><br>RICK PERRY, Governor, State<br>of Texas; BRAD LIVINGSTON,<br>Executive Director, Texas Department<br>of Criminal Justice; ANGIE McCOWN,<br>Director, TDCJ Victim Services Division;<br>RISSIE OWENS, Member Texas Board<br>of Pardons and Paroles,<br>Defendants. | Civil Action No. 1:11-CV-00603 |

# EXHIBIT A TO DEFENDANTS' AMENDED ANSWER



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-62,298-02

### EX PARTE MARK ANTHONY STROMAN

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. F01-40949-V(B) IN THE 292ND JUDICIAL DISTRICT COURT DALLAS COUNTY

*Per Curiam.*

### ORDER

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

In April 2002, a jury found applicant guilty of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Stroman v. State*, No. AP-

Stroman - 2

74,354 (Tex. Crim. App. Nov. 19, 2003)(not designated for publication). Applicant filed his initial post-conviction application for writ of habeas corpus in the trial court on November 13, 2003. This Court denied relief. *Ex parte Stroman*, No. WR-62,298-01 (Tex. Crim. App. July 27, 2005)(not designated for publication). Applicant filed this his first subsequent application in the trial court on July 12, 2011.

Applicant presents three allegations in his application. In the first allegation, he asserts that he is actually innocent of the crime with which he is charged and that he is actually innocent of the death penalty. In his second allegation, applicant asserts that the failure to respect the wishes of the victims violates the law. And in his third claim, he asserts that he was deprived of his right to the effective assistance of counsel for a number of reasons. We have reviewed the application and find that applicant's allegations fail to satisfy the requirements of Article 11.071 § 5. Accordingly, we dismiss the application as an abuse of the writ without considering the merits of the claims. Applicant's motion to stay his execution is denied.

IT IS SO ORDERED THIS THE 14th DAY OF JULY, 2011.

Do Not Publish