In the United States District Court
For the Western District of Texas
Austin Division

| | |
|---|---|
| RAIS BHUIYAN § | |
| § | |
| v. § | Cause No. 1:11-cv-00603 |
| § | |
| RICK PERRY, GOVERNOR, § | |
|     State of Texas, § | |
| BRAD LIVINGSTON, Executive Director, § | |
|     Texas Department of Criminal Justice, § | |
| ANGIE McCOWN, Director, § | |
|     TDCJ Victim Services Division, § | |
| RISSIE L. OWENS, Member § | |

**Memorandum of Law in Support of
Plaintiff's Original Complaint
and Emergency Motion for Injunctive Relief
and
Request for Evidentiary Hearing**

Plaintiff RAIS BHUIYAN ("Plaintiff") files this Memorandum of Law in Support of His Original Complaint and Emergency Motion for Injunctive Relief against Defendants RICK PERRY, BRAD LIVINGSTON, ANGIE McCOWN, and RISSIE T. OWENS ("Defendants"). Plaintiff further requests that the Court hold an evidentiary hearing. Plaintiff needs this relief in order to prevent further violations of his rights.

## I.
## PARTIES

1.     Plaintiff Rais Bhuiyan is an individual and a resident of the State of Texas.

2.     Defendants are agents of the State of Texas. Defendant may be served with process by serving its registered agent Mr. Allan K. Cook, Assistant Attorney General of Texas, or wherever they may be found.

## II.
## JURISDICTION AND VENUE

3.  Defendants have removed this matter from the Travis County District Court to Federal Court pursuant to 28 U.S.C. 1446(d).

4.  This Court has both general and specific personal jurisdiction over Defendants.

5.  Venue is proper in the Western District of Texas because Defendants reside there.

## III.
## EVIDENTIARY SUPPORT

6.  The facts in support of Mr. Bhuiyan's Complaint and request for a Preliminary Injunction were set forth in the Complaint and Memorandum of Law filed in Travis County District Court and removed to federal court. (Attached Exhibits A and B).

## IV.
## FACTUAL BACKGROUND

7.  Ten years ago, in the wake of the 911 attacks on the World Trade Center, Mr. Bhuiyan, a Muslim from Bangladesh living in Dallas, was shot in the face by Mark Stroman. Mr. Bhuiyan was the second of three victims shot by Stroman. The other two victims both died and Stroman was convicted and sentenced to death for capital murder. He is currently scheduled to be executed on Wednesday, July 20, 2011. Mr. Bhuiyan seeks an opportunity to participate in victim-offender mediation with Mr. Stroman through the Texas Department of Criminal Justice mediation program, but his requests have been ignored.

8.  On Thursday, July 14, 2011 Mr. Bhuiyan filed a civil complaint in Travis County District Court to obtain redress for the violation of his rights under the Texas Victim Rights Act. As part of his complaint Mr. Bhuiyan asked the court to stay Mark Stroman's execution. An emergency hearing was scheduled in the 353rd District Court for Monday, July 18, 2011 to determine if Mr. Bhuiyan would be granted injunctive relief. Instead, Defendants removed the case from State to Federal court. Mr. Bhuiyan now seeks a preliminary injunction staying Mr. Stroman's July 20, 2011 execution in order to give Mr. Bhuiyan the opportunity to participate in Victim Offender Mediation/Dialogue (hereinafter VOM/D). *See* Plaintiff's Original Complaint.

## V.
## APPLICATION FOR PRELIMINARY INJUNCTION

9.  Plaintiff incorporates by reference all preceding paragraphs.

10. Pursuant to Federal Rule of Civil Procedure 65, Plaintiff requests that this Court issue a Preliminary Injunction against Defendants to immediately enjoin the execution of Mark Stroman and enjoin the Defendants from further violating Plaintiff's legal rights. Thus, immediate injunctive relief is appropriate.

11. Plaintiff is entitled to a preliminary injunction because he has shown:

    (a) a substantial likelihood of success on the merits in his claims against Defendant;
    (b) a substantial threat of irreparable injury if the injunction is not issued;
    (c) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and
    (d) that the grant of an injunction will not disserve the public interest.[1]

12. Plaintiff has a cause of action for a preliminary injunction against Defendant.

---

[1] *Doe ex rel. Doe v. Vermilion Parish Sch. Bd.*, 2011 WL 1290793 (5th Cir. 2011); *Janvey v. Alguire*, 628 F.3d 164, 174 (5th Cir. 2010); *Speaks v. Kruse*, 445 F.3d 396, 400 (5th Cir. 2006).

# PLAINTIFF HAS SHOWN A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS OF ITS CAUSE OF ACTION FOR A PRELIMINARY INJUNCTION AGAINST DEFENDANT.[2]

13.   There is a substantial likelihood of success on the merits because Plaintiff has established a compelling case that his federal constitutional and related state constitutional and statutory rights have been violated and, if injunctive relief is not granted, he will continue to suffer substantial harm from these past and current violations.

### A. Defendants Have Violated Plaintiff's Federal and State Constitutional Rights and State Statutory Rights

14.   The State of Texas and all of its official arms, including the Defendants in this case, are bound to respect Plaintiff's rights under the United States Constitution and under state law. This Court, in a matter removed from the state courts, is similarly bound to enforce those rights.[3]

15.   Defendants are legally obligated to not violate Plaintiff's civil rights. *See* 42 U.S.C § 1983. Section 1983 provides:

---

[2] To obtain a preliminary injunction, a party must first show a substantial likelihood that it will succeed on the merits of its claims once the case proceeds to a full and complete trial. *Texas First Nat. Bank. v. Wu*, 347 F. Supp. 2d 389, 398 (S.D. Tex. 2004). To establish a likelihood of success on the merits, "a party does not have to prove its claims at this stage of the proceeding, only that it is likely to succeed on the merits." *Id.; see also Janvey*, 628 F.3d at 175 (citing Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, 11A Federal Practice & Procedure §2948.3 (2d ed. 1995)) ("All courts agree that plaintiff must present a prima facie case but need not show that he is certain to win."). To assess the likelihood of success on the merits, the Fifth Circuit looks to "standards provided by the substantive law." *Id.* (quoting *Roho, Inc., v. Marquis*, 902 F.2d 345, 358 (5th Cir. 1990)).

[3] Under 28 U.S.C. §1441(c), if "separate and independent" claims under state law are joined with the federal claims, the court has the discretion to "determine all issues therein, or, in its discretion, [to] remand all matters in which State law predominates." The state law claims here, however, are not "separate and independent." To be separate and independent, the claims must arise from different sets of acts and different wrongs inflicted upon the plaintiff: "Where there is only a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no 'separate and independent' claim." *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 13, 71 S.Ct. 534, 539-540 (1951); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988); *In re: City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996). There is a single wrong to Plaintiff, violating multiple rights under both federal and state law.

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof *to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress*, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (emphasis added).

16. Similarly, Defendants are bound not to violate Plaintiff's rights under state law.

### B. Plaintiff is Suffering Discrimination Based on his Religious Beliefs

17. Plaintiff incorporates herein all the allegations in his Complaint and Memorandum of Law that both precede and follow.

18. Plaintiff is strongly motivated by his religious beliefs. Within many faiths, including Islam, forgiveness is a long-standing mechanism towards the healing of the soul. Forgiveness in Plaintiff's faith, however, requires more than simply the wronged person deciding in his or her mind to forgive the offender. It requires a process of personal interaction between the victim and the offender. It is through such a process that the forgiveness that Plaintiff seeks to provide can become real. TDCJ's Victim Offender Mediation/Dialogue program offers the very process that Plaintiff's faith motivates him to engage in. Thus, TDCJ's failure to allow Plaintiff to meet with Mr. Stroman has interfered grievously with his exercise of religion.

19. It is the apparent policy and/or practice of the TDCJ to refuse mediation to those whose faith compels them to seek meaningful mediation with the perpetrators of capital crimes, even though the victims of other (apparently equal or lesser) crimes are allowed this right.

20. This violates the Plaintiff's rights under the United States Constitution because Plaintiff enjoys the same rights to religious freedom under the Federal Constitution and laws as the victims of other crimes. *See* U.S. CONST. Amend. I.

21. Further, this violates the Texas Constitution. Tex. Const. Art. 1, § 6 ("FREEDOM OF WORSHIP. All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences. No man shall be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent. No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion, and no preference shall ever be given by law to any religious society or mode of worship. But it shall be the duty of the Legislature to pass such laws as may be necessary to protect equally every religious denomination in the peaceable enjoyment of its own mode of public worship.").[4]

22. It also violates Texas statutory law. Tex. Civ. P. & R. Code Tit. 5, Sec. 110.001, provides:

> (a) In this chapter:
>
> (1) "Free exercise of religion" means an act or refusal to act that is substantially motivated by sincere religious belief. In determining whether an act or refusal to act is substantially motivated by sincere religious belief under this chapter, it is not necessary to determine that the act or refusal to act is motivated by a central part or central requirement of the person's sincere religious belief.
>
> (2) "Government agency" means:

---

[4] Under 28 U.S.C. §1441(c), if "separate and independent" claims under state law are joined with the federal claims, the court has the discretion to "determine all issues therein, or, in its discretion, [to] remand all matters in which State law predominates." The state law claims here, however, are not "separate and independent." To be separate and independent, the claims must arise from different sets of acts and different wrongs inflicted upon the plaintiff: "Where there is only a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no 'separate and independent' claim." *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 13, 71 S.Ct. 534, 539-540 (1951); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988); *In re: City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996).

(A) this state or a municipality or other political subdivision of this state; and

(B) any agency of this state or a municipality or other political subdivision of this state, including a department, bureau, board, commission, office, agency, council, or public institution of higher education.

(b) In determining whether an interest is a compelling governmental interest under Section 110.003, a court shall give weight to the interpretation of compelling interest in federal case law relating to the free exercise of religion clause of the First Amendment of the United States Constitution.

Sec. 110.002. APPLICATION. (a) This chapter applies to any ordinance, rule, order, decision, practice, or other exercise of governmental authority.

(b) This chapter applies to an act of a government agency, in the exercise of governmental authority, granting or refusing to grant a government benefit to an individual.

(c) This chapter applies to each law of this state unless the law is expressly made exempt from the application of this chapter by reference to this chapter.

Tex. Civ. P. & R. Code Tit. 5, Sec. 110.002.

23. Texas law protects religious freedom:

Sec. 110.003. RELIGIOUS FREEDOM PROTECTED. (a) Subject to Subsection (b), a government agency may not substantially burden a person's free exercise of religion.

(b) Subsection (a) does not apply if the government agency demonstrates that the application of the burden to the person:

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that interest.

(c) A government agency that makes the demonstration required by Subsection (b) is not required to separately prove that the remedy and penalty provisions of the law, ordinance, rule, order, decision, practice, or other exercise of governmental authority that imposes the substantial

burden are the least restrictive means to ensure compliance or to punish the failure to comply.

Tex. Civ. P. & R. Code Tit. 5, Sec. 110.003.

24. Texas law specifically provides for injunctive relief under these circumstances:

> Sec. 110.005. REMEDIES. (a) Any person, other than a government agency, who successfully asserts a claim or defense under this chapter is entitled to recover:
>
> (1) declaratory relief under Chapter 37;
>
> (2) injunctive relief to prevent the threatened violation or continued violation;
>
> (3) compensatory damages for pecuniary and nonpecuniary losses; and
>
> (4) reasonable attorney's fees, court costs, and other reasonable expenses incurred in bringing the action.
>
> (b) Compensatory damages awarded under Subsection (a)(3) may not exceed $10,000 for each entire, distinct controversy, without regard to the number of members or other persons within a religious group who claim injury as a result of the government agency's exercise of governmental authority. A claimant is not entitled to recover exemplary damages under this chapter.
>
> (c) An action under this section must be brought in district court.
>
> (d) A person may not bring an action for damages or declaratory or injunctive relief against an individual, other than an action brought against an individual acting in the individual's official capacity as an officer of a government agency.
>
> (e) This chapter does not affect the application of Section 498.0045 or 501.008, Government Code, or Chapter 14 of this code.

Tex. Civ. P. & R. Code Tit. 5, Sec. 110.005.

25. Texas law provides for accommodation, where possible:

> Sec. 110.006. NOTICE; RIGHT TO ACCOMMODATE. (a) A person may not bring an action to assert a claim under this chapter unless, 60 days

8

before bringing the action, the person gives written notice to the government agency by certified mail, return receipt requested:

(1) that the person's free exercise of religion is substantially burdened by an exercise of the government agency's governmental authority;

(2) of the particular act or refusal to act that is burdened; and

(3) of the manner in which the exercise of governmental authority burdens the act or refusal to act.

(b) Notwithstanding Subsection (a), a claimant may, within the 60-day period established by Subsection (a), bring an action for declaratory or injunctive relief and associated attorney's fees, court costs, and other reasonable expenses, if:

(1) the exercise of governmental authority that threatens to substantially burden the person's free exercise of religion is imminent; and

(2) the person was not informed and did not otherwise have knowledge of the exercise of the governmental authority in time to reasonably provide the notice.

(c) A government agency that receives a notice under Subsection (a) may remedy the substantial burden on the person's free exercise of religion.

(d) A remedy implemented by a government agency under this section:

(1) may be designed to reasonably remove the substantial burden on the person's free exercise of religion;

(2) need not be implemented in a manner that results in an exercise of governmental authority that is the least restrictive means of furthering the governmental interest, notwithstanding any other provision of this chapter; and

(3) must be narrowly tailored to remove the particular burden for which the remedy is implemented.

(e) A person with respect to whom a substantial burden on the person's free exercise of religion has been cured by a remedy implemented under this section may not bring an action under Section 110.005.

(f) A person who complies with an inmate grievance system as required under Section 501.008, Government Code, is not required to provide a separate written notice under Subsection (a). In conjunction with the

> inmate grievance system, the government agency may remedy a substantial burden on the person's free exercise of religion in the manner described by, and subject to, Subsections (c), (d), and (e).
>
> (g) In dealing with a claim that a person's free exercise of religion has been substantially burdened in violation of this chapter, an inmate grievance system, including an inmate grievance system required under Section 501.008, Government Code, must provide to the person making the claim a statement of the government agency's rationale for imposing the burden, if any exists, in connection with any adverse determination made in connection with the claim.

Tex. Civ. P. & R. Code Tit. 5, Sec. 110.006.

26. Plaintiff enjoys the same rights to religious freedom under the federal constitution and laws. See U.S. CONST. Amend. I.

27. Accordingly, there is a substantial likelihood that Plaintiff's exercise of his religion has been violated by Defendants. Defendants provide a program that, because of its purposes, would allow Plaintiff to take the very steps that his religion calls him to take in relation to Mr. Stroman. However, without any compelling reason, they have denied Plaintiff access to that program. Defendants have, accordingly, interfered with Plaitiff's exercise of religion.

### C. Plaintiff is Being Denied the Equal Protection of the Law

28. Plaintiff incorporates herein all the allegations in his Complaint and Memorandum of Law that both precede and follow.

29. Plaintiff has the right to equal rights and equal protection of the laws under both the state and federal constitution. *See* Tex. Const. Art. 1, § 3 ("EQUAL RIGHTS. All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."); Tex. Const. Art. 1, § 3a ("EQUALITY UNDER THE

LAW. Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative."); U.S. CONST. Amend. V, XIV.

30. Defendants deny Plaintiff effective mediation where those who are the victims of lesser crimes, or crimes that are perhaps essentially identical in all respects but for Defendants' plan to inflict capital punishment on the perpetrator, enjoy this right.

### D. The Plaintiff Is Being Denied the Right to Freedom of Association under the Federal Constitution and His Rights under Texas' Victim's Rights statutes

31. Plaintiff incorporates herein all the allegations in his Complaint and Memorandum of Law that both precede and follow.

32. Plaintiff enjoys the right under the First Amendment to the United States Constitution to freedom of association. *See* US CONST. AMEND. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.").

33. This has been construed, and rightly so, to include the right to Freedom of Association. Such a right cannot be violated on a discriminatory basis.

34. In this case, while Defendant allows a myriad of people to visit and associate with Mark Ströman, including significant numbers of foreign nationals from countries such as Britain and Germany, Plaintiff is not allowed to meet with him. Indeed, Defendant is enjoined from even writing to Plaintiff. Meanwhile, CBS News and large numbers of other media outlets are also allowed to meet with Mark Ströman.

35. These discriminatory rules violate Plaintiff's constitutional rights and are vague, arbitrary and wrong.

36. Defendants have also violated Plaintiff's rights that stem from Tex. Civ. Prac. & Rem. Code. § 154.023 and Tex. Code Crim. Proc. § 56.02.

37. The Defendants have violated explicit state law and their own regulations in refusing to allow meaningful mediation between Plaintiff (the victim) and the man who shot him. The victim's rights are those purportedly most important to the State, and yet, in seeking reconciliation and rehabilitation, Plaintiff is being denied those rights and denied the healing process his religious beliefs advocate.

38. As a victim under Texas law, Plaintiff has a number of clear legal rights:

> In Texas, victims of crime have the Crime Victim's Bill of Rights, created by the legislature in 1985. It has been amended and expanded during the past twenty years, and explicitly lists remedies and redress options that a "victim, guardian of a victim, or close relative of a deceased victim is entitled to ... within the criminal justice system." Of the thirteen numbered rights, the twelfth is "the right to request victim-offender mediation coordinated by the victim services division of the Texas Department of Criminal Justice." This portion of the statute was not enacted until the 77th legislative session in 2001.

Patrick Drake, *Victim-Offender Mediation in Texas: When "Eye for Eye" Becomes "Eye to Eye"*, 47 S. Tex. L. Rev. 647 (2006) (footnotes omitted).

39. The relevant statutes read as follows:

> Art. 56.02. CRIME VICTIMS' RIGHTS. (a) A victim, guardian of a victim, or close relative of a deceased victim is entitled to the following rights within the criminal justice system:
>
> (1) the right to receive from law enforcement agencies adequate protection from harm and threats of harm arising from cooperation with prosecution efforts;
>
> (2) the right to have the magistrate take the safety of the victim or his family into consideration as an element in fixing the amount of bail for the accused;
>
> (3) the right, if requested, to be informed:
>
> (A) by the attorney representing the state of relevant court proceedings, including appellate proceedings, and to be informed if those proceedings have been canceled or rescheduled prior to the event; and

(B) by an appellate court of decisions of the court, after the decisions are entered but before the decisions are made public;

(4) the right to be informed, when requested, by a peace officer concerning the defendant's right to bail and the procedures in criminal investigations and by the district attorney's office concerning the general procedures in the criminal justice system, including general procedures in guilty plea negotiations and arrangements, restitution, and the appeals and parole process;

(5) the right to provide pertinent information to a probation department conducting a presentencing investigation concerning the impact of the offense on the victim and his family by testimony, written statement, or any other manner prior to any sentencing of the offender;

(6) the right to receive information regarding compensation to victims of crime as provided by Subchapter B, including information related to the costs that may be compensated under that subchapter and the amount of compensation, eligibility for compensation, and procedures for application for compensation under that subchapter, the payment for a medical examination under Article 56.06 for a victim of a sexual assault, and when requested, to referral to available social service agencies that may offer additional assistance;

(7) the right to be informed, upon request, of parole procedures, to participate in the parole process, to be notified, if requested, of parole proceedings concerning a defendant in the victim's case, to provide to the Board of Pardons and Paroles for inclusion in the defendant's file information to be considered by the board prior to the parole of any defendant convicted of any crime subject to this subchapter, and to be notified, if requested, of the defendant's release;

(8) the right to be provided with a waiting area, separate or secure from other witnesses, including the offender and relatives of the offender, before testifying in any proceeding concerning the offender; if a separate waiting area is not available, other safeguards should be taken to minimize the victim's contact with the offender and the offender's relatives and witnesses, before and during court proceedings;

(9) the right to prompt return of any property of the victim that is held by a law enforcement agency or the attorney for the state as evidence when the property is no longer required for that purpose;

(10) the right to have the attorney for the state notify the employer of the victim, if requested, of the necessity of the victim's cooperation and testimony in a proceeding that may necessitate the absence of the victim from work for good cause;

(11) the right to counseling, on request, regarding acquired immune deficiency syndrome (AIDS) and human immunodeficiency virus (HIV) infection and testing

for acquired immune deficiency syndrome (AIDS), human immunodeficiency virus (HIV) infection, antibodies to HIV, or infection with any other probable causative agent of AIDS, if the offense is an offense under Section 21.02, 21.11(a)(1), 22.011, or 22.021, Penal Code;

*(12) the right to request victim-offender mediation coordinated by the victim services division of the Texas Department of Criminal Justice;*

(13) the right to be informed of the uses of a victim impact statement and the statement's purpose in the criminal justice system, to complete the victim impact statement, and to have the victim impact statement considered:

(A) by the attorney representing the state and the judge before sentencing or before a plea bargain agreement is accepted; and

(B) by the Board of Pardons and Paroles before an inmate is released on parole;

(14) to the extent provided by Articles 56.06 and 56.065, for a victim of a sexual assault, the right to a forensic medical examination if, within 96 hours of the sexual assault, the assault is reported to a law enforcement agency or a forensic medical examination is otherwise conducted at a health care facility; and

(15) for a victim of an assault or sexual assault who is younger than 17 years of age or whose case involves family violence, as defined by Section 71.004, Family Code, the right to have the court consider the impact on the victim of a continuance requested by the defendant; if requested by the attorney representing the state or by counsel for the defendant, the court shall state on the record the reason for granting or denying the continuance.

Tex. Code Crim. Proc. 56.02(a) (emphasis supplied).

40.  Tex. Civ. Prac. & Rem. Code § 154.023 states:

(a) Mediation is a forum in which an impartial person, the mediator, facilitates communication between parties to promote reconciliation, settlement, or understanding among them.

(b) A mediator may not impose his own judgment on the issues for that of the parties.

(c) Mediation includes victim-offender mediation by the Texas Department of Criminal Justice described in Article 56.13, Code of Criminal Procedure.

Tex. Civ. Prac. & Rem. Code Ann. § 154.023 (Vernon).

41.  In addition, Tex. Civ. Prac. & Rem. Code § 154.023 states:

14

> The victim services division of the Texas Department of Criminal Justice shall . . .
>
> (2) provide mediation services through referral of a trained volunteer, if requested by a victim, guardian of a victim, or a close relative of a deceased victim.

42.     Accordingly, Plaintiff has not only the right to request mediation with Mr. Stroman under state law but the right to have that request honored. These rights have been violated.

## PLAINTIFF WILL SUFFER IMMINENT AND IRREPARABLE INJURY IF THIS COURT DOES NOT GRANT HIM TEMPORARY INJUNCTIVE RELIEF

43.     The substantial threat of irreparable injury to the Plaintiff would occur if this injunction is not granted. The inmate Mark Stroman will be executed and Mr. Bhuiyan's quest to avail himself of his rights will be permanently lost.[5] He would be denied the process of healing that he desperately requires. The denial of this injunctive relief would victimize Plaintiff a second time, as it would permanently deprive him of any opportunity to close this chapter of his life, obtain peace of mind, and move on from the initial victimization that he suffered when he was shot.

44.     In addition, a preliminary injunction is a proper remedy to restrain Defendant's scheduled execution of Mark Stroman because Plaintiff's remedy at law is inadequate. Absent injunctive relief, there is a great risk that Plaintiff will suffer irreparable harm from never being able to reconcile himself to and move beyond the incident that nearly cost him his life.

---

[5] To establish "threat of irreparable harm," a plaintiff must demonstrate that if the district court denied the grant of a preliminary injunction, irreparable harm would result. *Janvey*, 628 F.3d at 179. "A presently existing actual threat must be shown." *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice & Procedure; Civil 2D § 2948.1 at 153-56). "However, the injury need not have been inflicted when application is made [for a preliminary injunction] or be certain to occur; *a strong threat* of irreparable injury before trial is an adequate basis [for the issuance of a preliminary injunction]." *Id.* (emphasis in original). To obtain a preliminary injunction, a movant must prove a substantial threat that he will suffer irreparable harm if the injunction is not granted. *Shanks v. City of Dallas*, 752 F.2d 1092, 1097 (5th Cir. 1985).

## THE THREAT OF INJURY TO PLAINTIFF OUTWEIGHS ANY HARM DEFENDANTS MIGHT SUFFER FROM THE COURT'S ISSUANCE OF A PRELIMINARY INJUNCTION ENJOINING IT FROM EXECUTING MARK STROMAN.

45.     The threatened injury to Mr. Bhuiyan will vastly outweigh any harm to the State of Texas. Indeed, Mr. Stroman's execution prior to Mr. Bhuiyan going through the VOM/D would permanently leave Mr. Bhuiyan's issue moot. The only harm to the State would be a delay of the execution scheduled for this week.[6]

## ENJOINING DEFENDANTS FROM EXECUTING MARK STROMAN IS NOT A DISSERVICE TO THE PUBLIC INTEREST.

46.     Granting the injunction will not be a disservice toward public interest. The government will not be harmed by a stay of execution. There is no harm in delaying the execution for the VOM/D commence.

47.     Indeed, the State of Texas has a strong public interest in allowing victims to pursue mediation. The Texas Civil Practice and Remedies Code, Chapter 154 Alternative Dispute Resolution Procedures, states that "It is the policy of this state to encourage the peaceable resolution of disputes" and that "[i]t is the responsibility of all trial and appellate courts and their court administrators to carry out the policy." Civ. P. and R. Chapter 154, Sec. 154.002 and 154.003.

48.     This "[m]ediation includes victim-offender mediation by the Texas Department of Criminal Justice described in Article 56.13, Code of Criminal Procedure." Sec. 154.023(c).

---

[6] In each case where a plaintiff seeks a preliminary injunction, the courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 376 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* at 376-77 (quoting *Weinberger v. Romero-Barcello*, 456 U.S. 305, 312 (1982)).

49. Defendant Governor Rick Perry just recently declared April 10-16, 2011 to be Victims' Rights Week, stating: "I encourage all Texans to join in this effort by learning more about victims' rights and supporting victims of crime whenever possible. We can help our fellow Texans on the road to recovery with compassion and respect."[7]

50. The rights of victims are enshrined in the Texas Constitution. "A crime victim has the following rights: (1) the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process". Tex. Const. Art. 1, §30(a)(1)

51. Thus, the public has a significant policy interest in FAVOR of granting the injunction and, because the injunction will only temporarily delay the execution of the state court judgment against Mr. Stroman, it will not harm the public in any way. It will merely allow time to fully litigate the matter at hand and hopefully result in the enforcement of rights Mr. Bhuiyan has just recently discovered he has.[8]

## VI.
## CAUSES OF ACTION

52. Plaintiff incorporates by reference all preceding paragraphs.

## VII.
## NEED FOR EVIDENTIARY HEARING

53. Plaintiff urges the Court to hear evidence in connection with the request for a preliminary injunction. Plaintiff has the necessary witnesses available. Plaintiff strongly believes that the Court cannot fairly decided this matter without hearing the evidence.

---

[7] See http://www.texansforequaljustice.org/docs/cvrw11.pdf.

[8] *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S.Ct. 365, 375 (2008). ("A plaintiff seeking a preliminary injunction must establish that he is likely to success on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that *an injunction is in the public interest*."). (emphasis added).

17

## VIII.
## PRAYER

54.   Plaintiff requests that this Court do the following:

(a)   order discovery on an expedited time from;

(b)   order a trial by jury of the merits of his cause;

(d)   Upon hearing and prior to Wednesday July 20th, 2011, issue a Preliminary Injunction enjoining Defendants from executing Mark Stroman until Mr. Bhuiyan has had an opportunity to engage in VOM/D;

(e)   Such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted, this 19 day of July, 2011.

Khurrum Wahid*
Wahid Vizcaino LLP
6221 W. Atlantic Blvd
Margate, Fl 33063
(305) 444-4303
(305) 444-4302
Khurrum@wvmlawfirm.com

Maurie Levin, SBOT 00789452
University of Texas School of Law
Capital Punishment Clinic
727 East Dean Keeton
Austin, TX 78705
(512) 232-7795
(512) 232-9171 [fax]
mlevin@law.utexas.edu

Danalynn Recer, SBOT 00792935*
Gulf Region Advocacy Center
2307 Union
Houston, Texas 77007
Office: (713) 8694722

Fax: (713) 880-3811
dlrecer@aol.com

Counsel to Rais Bhuiyan
*Appearing *pro hac vice*.

## CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing pleading to be served on opposing counsel, *via* hand delivery and facsimile to:

Mr. Allan K. Cook
Attorney General of Texas
Assistant Attorney General
P. O. Box 12548
Austin, Texas 78711
512.463.2080
512.495.9139 fax

This 19th day of July 2011.

Khurrum Wahid
Counsel to Mr. Bhuiyan