IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

JUL 2 0 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

| | | |
|---|---|---|
| RAIS BHUIYAN, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-11-CA-603-LY |
| | § | |
| RICK PERRY, GOVERNOR, | § | |
| STATE OF TEXAS; | § | |
| BRAD LIVINGSTON, EXECUTIVE | § | |
| DIRECTOR, TEXAS DEPARTMENT | § | |
| OF CRIMINAL JUSTICE; | § | |
| ANGIE MCCOWN, DIRECTOR, | § | |
| TDCJ VICTIM SERVICES DIVISION; | § | |
| AND RISSIE OWENS, MEMBER | § | |
| TEXAS BOARD OF PARDONS | § | |
| AND PAROLES, | § | |
| DEFENDANTS. | § | |

## ORDER DENYING EMERGENCY MOTION FOR INJUNCTIVE RELIEF

Before the Court is the above styled and numbered cause, which was removed to this Court

on July 18, 2011, by Defendants Brad Livingston, Angie McCown, and Rissie Owens (the "State")

from the 353rd Judicial District Court of Travis County, Texas.[1] The State urges that this Court has

removal jurisdiction because, based the face of the Complaint, there appears a substantial, disputed

question of federal law (Clerk's Document No. 1). *See* 28 U.S.C. §§ 1331, 1441(a); *Carpenter v.

Wichita Falls I.S.D.*, 44 F.3d 362, 366 (5th Cir. 1995). On this date the Court held a hearing on

Plaintiff Rais Bhuiyan's Emergency Motion for Injunctive Relief (Clerk's Document No. 7) and the

State's Response To Plaintiff's Emergency Motion For Injunctive Relief (Clerk's Document No. 9),

at which all parties were represented by counsel. Of particular moment is Bhuiyan's specific request

---

[1] According to the Notice of Removal, all served Defendants have consented to removal; no
appearance has been made on behalf of Defendant Rick Perry, Governor of the State of Texas
(Clerk's Document No. 1).

by his emergency motion that this Court stay the State of Texas's scheduled July 20, 2011 execution

of Mark Anthony Stroman. The crux of Bhuiyan's argument is that Stroman's execution will moot

Bhuiyan's civil action seeking a victim-offender mediation under Texas law. Tex. Code Crim. Proc.

Ann. arts. 56.02, .13 (West 2006 & Supp. 2010) ("Crime Victims' Rights"). Having considered the

pleadings, Bhuiyan's emergency motion for injunctive relief, the State' response, Plaintiff's

Declarations in Support of Hearing filed July 19, 2011 (Clerk's Document No. 13), the arguments

of counsel, and the applicable law, the Court will deny Bhuiyan's request for a stay of Stroman's

execution.

To obtain a preliminary injunction, a plaintiff must establish (1) a substantial likelihood of

success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3)

that the threatened injury outweighs any damage the order might cause to the defendant; and (4) that

the injunction will not disserve the public interest. *See Janvey v. Alguire*, 628 F.3d 164, 174 (5th

Cir. 2010); *Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006). "None of these prerequisites

has a fixed quantitative value. Rather, a sliding scale is utilized, which takes into account the

intensity of each in a given calculus." *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir.

1975).

According to Bhuiyan's Complaint, in September 2001, while working in a Dallas

convenience store, Stroman shot Bhuiyan in the eye. In April 2002, following an event unrelated

to Stroman shooting Bhuiyan, Stroman was found guilty by a Texas state-court jury of capital

murder, the jury answered the special issues related to capital murder, and the trial court,

accordingly, set Stroman's punishment at death. *See* Tex. Code Crim. P. art. 37.071 (West Supp.

2010). The Texas Court of Criminal Appeals affirmed Stroman's conviction and sentence on direct

appeal. *See Stroman v. State*, No. AP-74,354 (Tex. Crim. App. Nov. 19, 2003) (not designated for publication). Stroman filed his initial post-conviction application for writ of *habeas corpus* on November 13, 2003, and the Court of Criminal Appeals denied his request for relief. *See Ex parte Stroman*, No. WR-62,298-01 (Tex. Crim. App. July 27, 2005) (not designated for publication). On July 12, 2011, Stroman presented a subsequent application for writ of *habeas corpus* and motion to stay his execution scheduled for July 20, 2011, which the Court of Criminal Appeals dismissed as an abuse of the writ and denied Stroman's motion to stay. *See Ex parte Stroman*, No. WR-62,298-02 (Tex. Crim. App. July 14, 2011). Additionally, the Court of Appeals for the Fifth Circuit also declined to grant Stroman permission to file a successive *habeas* petition. *In re: Stroman*, No. 11-10659 (5th Cir. July 15, 2011).

On July 13, 2011, Bhuiyan filed a civil action in Texas state court seeking injunctive relief and redress for the State's alleged violations of Bhuiyan's rights as one of Stroman's crime victims. *See* Texas Crime Victims' Rights. Specifically, Bhuiyan contends that the State failed to follow state law and its own regulations by refusing to allow Bhuiyan meaningful mediation with Stroman. Bhuiyan alleges that the State's actions violate Texas law and amount to federal constitutional violations. Specifically, Bhuiyan alleges that the State is under a legal duty not to violate his civil rights. *See* 42 U.S.C. § 1983 ("Section 1983"). Bhuiyan also seeks a temporary injunction contending that the only way to resolve this action is to preserve the *status quo*. Bhuiyan continues arguing that the only way to preserve the *status quo* is for this Court to render an order, "enjoining [the State] from carrying out the execution of Mark Stroman for thirty (30) days" and ordering that the State "initiate victim-offender mediation between [Bhuiyan and Stroman.]"

Although this Court questions its subject-matter jurisdiction over the entire action, of immediate issue, this Court questions its authority to render the particular temporary-injunctive relief Bhuiyan requests–a stay of Stroman's execution.

The Fifth Circuit has held that federal courts lack jurisdiction under Section 1983 to stay executions. *See Beets v. Texas Bd. Pardons & Paroles*, 205 F.3d 192, 193 (5th Cir. 2000); *Faulder v. Johnson*, 178 F.3d 741 (5th Cir. 1999). Additionally, federal law specifically bars federal courts from enjoining state-court proceedings whatsoever, unless the intervention is authorized expressly by federal statute. *See McFarland v. Scott*, 512 U.S. 849, 857 (1994) (citing Anti-Injunction Act, 28 U.S.C. § 2283). Generally, the only statutory authority for a federal court to stay an execution comes from the federal *habeas corpus* statute, which "grants any federal judge *'before whom a habeas corpus proceeding is pending'* power to stay a state-court action 'for any matter involved in the habeas corpus proceeding.'" *Id.* (quoting 28 U.S.C. § 2251) (emphasis in original); *see also Rosales v. Quarterman*, 565 F.3d 308, 311 (5th Cir. 2009). If, as here, no *habeas* petition is pending in federal court, then "both the district court and [the circuit] court are without jurisdiction to enter a stay of execution." *Rosales*, 565 F.3d at 311.[2] The Court finds that based on the facts and

---

[2] Bhuiyan cites as authority for the Court to stay Stroman's execution the recent United States Supreme Court's opinion in *Skinner v. Switzer*, 562 U.S. ___, 131 S.Ct. 1289 (March 7, 2011). This Court finds *Skinner* stands for the proposition that a convicted state prisoner seeking DNA testing of crime-scene evidence may assert such claim in a Section 1983 action and is not limited to asserting such claim by a federal *habeas* petition. The Court notes no comment by the *Skinner* Court with regard to a federal court's ability or propriety in staying an execution when the Section 1983 litigant is not the convicted state prisoner.

Additionally, Bhuiyan cites an Eighth Circuit opinion, which reversed a federal district court decision that denied a state prisoner's request for a stay of execution in the prisoner's Section 1983 action. *Young v. Hayes*, 218 F.3d 850 (8th Cir. 2000). The Court, however, finds the Section 1983-civil-rights claims raised by the prisoner in *Young* markedly different from Bhuiyan's, in essence, third-party civil-rights claims, which are unrelated to Stroman's sentence.

Finally, Bhuiyan cites an unpublished federal district-court decision in support of his claim

4

circumstances in this case and as no *habeas* petition is pending, the Court lacks federal statutory authority to stay the State of Texas's scheduled execution of Stroman.[3] Bhuiyan has therefore failed to show a substantial likelihood of success on the merits.

Bhuiyan also fails to satisfy the other three prerequisites for injunctive relief.  To hold otherwise would allow litigants to delay an execution indefinitely by filing a succession of requests for injunctive relief in unrelated civil actions mere days before an execution.  Before enjoining an execution, a federal court must "give substantial weight to any adverse impact" such an injunction would have on the "operation of a criminal justice system."  18 U.S.C. § 3626(a)(1) (quoted in *Nelson v. Campbell*, 541 U.S. 637, 649 (2004)).  The Court considers not only the State's interest in this particular case, but also the criminal justice system as a whole.  Thus, the irreparable injury asserted by Bhuiyan–his claim of violation of the Crime Victims' Rights statute being rendered

---

that this Court may stay Stroman's execution. *See Cooey v. Kasich*, No. 2:04-CV-1156 (S.D. Ohio, July 8, 2011).  In *Cooey*, the plaintiff, an inmate set for execution, brought a Section 1983 claim contending that Ohio has an unconstitutional execution policy and that he deserved a stay of his execution to prove his claims.  The *Cooey* court found that the plaintiff succeeded in showing a likelihood of success on the merits and stayed the execution.  This Court again finds the facts and circumstances in *Cooey* markedly different from the facts presented here.  Again, at issue in *Cooey* are an inmate's civil rights urged based on issues relating to his execution, rather than the civil rights of a third party, who is unaffiliated with the scheduled execution.

[3] Following the close of the hearing, Bhuiyan submited supplemental briefing for the Court's consideration (Clerk's Document No. 16).  The State objects to Bhuiyan's supplemental briefing (Clerk's Document No. 17).  The Court overrules the State's objection.  By his supplemental briefing, Bhuiyan contends that the Court is empowered to render a stay of execution pursuant to the All Writs Act, which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  *See Federal Trade Comm'n v. Dean Foods Co.*, 384 U.S. 597 (1966); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004); *ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351 (5th Cir. 1978).  The Court finds the facts and circumstances presented in these cases quite different from those presented in this cause, and the Court declines to render an injunction in this action pursuant to the All Writs Act.

5

moot–is outweighed by the damage to the operation of the criminal justice system as a whole that would result from this Court's granting the requested stay.

For the same reasons, this Court holds that granting the injunction will disserve the public interest by allowing third-parties to interfere with the orderly functioning of the criminal-justice system by filing civil actions unrelated to the crime for which a person has been assessed the death penalty, and which may or may not have merit, at a point close in time to a scheduled execution, this delaying the carrying out of a lawful execution order.

Bhuiyan has thus failed to satisfy any of the four prerequisites necessary to entitle him to an injunction.  As a stay of Stroman's execution is necessary for all other of Bhuiyan's requested injunctive relief,

**IT IS ORDERED** that Bhuiyan's Emergency Motion for Injunctive Relief (Clerk's Document No. 7) is **DENIED**.

SIGNED this _____ day of July, 2011.


LEE YEAKEL
UNITED STATES DISTRICT JUDGE